IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2182-RJ

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| CEDRIC ANTWON NEAL | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. At the hearing, defendant presented no evidence. At the court's request and with defendant's consent, the government provided a brief proffer of the evidence supporting its case. For the reasons stated below, the government's motion is GRANTED.[1]

## Background

Defendant was charged by criminal complaint on 28 August 2014 with: possession with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 846. The offenses allegedly occurred between 8 November 2013 and 5 June 2014. The proffer presented at the hearing showed that the charges relate to five controlled purchases of heroin from defendant by a confidential informant.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies. The court finds that defendant, having presented no evidence, failed to rebut

---

[1] Prior to reaching the issue of detention, the court ruled based on the government's proffer that it had established probable cause for the charges against defendant.

the presumption of detention. In accordance with this presumption, the court finds that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and the safety of the community before trial if defendant is released.

Alternatively, the court finds that the proffer of the government and the information in the pretrial services report show by clear and convincing evidence that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community and by a preponderance of the evidence that there is no condition or combination of conditions that would reasonably assure the appearance of defendant as required if he were released. This alternative finding is based on, among other considerations, the drug-related nature of the charges against defendant, the number of transactions and quantity of heroin involved, defendant's criminal record, and the sentence he faces if convicted.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 11th day of September 2014.

_____
James E. Gates
United States Magistrate Judge